**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CASE NO. _____

RONALD MEYERS,

        Plaintiff,

 v.

VALEANT PHARMACEUTICALS NORTH
AMERICA, LLC f/k/a SALIX
PHARMACEUTICALS, LTD,

        Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, VALEANT PHARMACEUTICALS NORTH AMERICA, LLC ("Valeant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, removes this action to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and states:

1.     On or about March 7, 2016, Plaintiff RONALD MEYERS ("Plaintiff") commenced an action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Ronald Meyer v. Valeant Pharmaceuticals North America, LLC f/k/a Salix Pharmaceuticals, Ltd*, Case No.: CACE16004183 (the "State Action."). Copies of all processes and pleadings served upon Defendant in the State Action are attached as **Exhibit A.** No further proceedings have occurred in the State Action.

2.     A true copy of the notice being filed with the Clerk of Court for the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by law, is attached as **Exhibit B.**

### TIMELINESS OF REMOVAL

3.      Defendant's registered agent was served with the Summons and Complaint on March 21, 2016.  Thirty (30) days have not expired since service of the Complaint, and as such, this removal is timely.  *See* 28 U.S.C. §1446(b) (requiring Notice of Removal to be filed within 30 days of service of the initial pleading setting forth the claim for relief).

### JURISDICTION

4.      This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332(a).  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441, in that it is a civil action in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Further, Plaintiff's claims also raise a federal question under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq* ("ERISA").  Specifically, the facts supporting removal and jurisdiction are as follows:

### DIVERSITY OF CITIZENSHIP

5.      As required, there is complete diversity of citizenship between the parties to the present action.

6.      Plaintiff's Complaint alleges that he is a citizen of Florida.  *See* Exhibit A, Complaint ¶ 3.

7.      Diversity of citizenship exists because Defendant is not a citizen of the state of Florida within the meaning of 28 U.S.C. §1332(c)(1).

8.      Valeant is a Delaware limited liability corporation whose sole member is Valeant Pharmaceuticals International ("VPI"), a Delaware corporation.  Both Valeant and VPI have

their headquarters and principal place of business in New Jersey. *See* Declaration of Kaleena Nguyen, attached as **Exhibit C.**

9.    A limited liability company "is a citizen of any state in which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.2d 1020, 1022 (11th Cir. 2004).  A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has a principal place of business. *See Pitts ex rel. Pitts v. Seneca*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).   Thus, Valeant is diverse for purposes of removing this action to federal court based on diversity jurisdiction, as its sole member is a Delaware corporation with its principal place of business in New Jersey.

### AMOUNT OF CONTROVERSY

10.    It is clear from the face of the Complaint and allegations pled that the claims exceed $75,000.00.  Plaintiff's two-count Complaint alleged that he is owed $112,000.00 in severance pay, approximately $46,000.00 of prorated bonus, and the cost of one year of health insurance. (*See* Complaint ¶5). Therefore, this Court has jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

### FEDERAL QUESTION

11.    Plaintiff's Complaint involves application of the Salix Pharmaceuticals, Inc. Amended Employee Retention Policy ("Salix Retention Plan").  A copy of the Salix Retention Plan is attached as Exhibit 1 to the Declaration attached as **Exhibit C**.  The Salix Retention Plan "is governed by" the Employee Retirement Income Security Act of 1974 (ERISA)." (*Id.*  at p. 4

(Governing Law)).[1]  Thus, the legal issues are governed by ERISA, not state law.  See 29 U.S.C. § 1144 (ERISA preemption).  By regulation, severance pay arrangements may constitute welfare benefit plans under ERISA. 29 U.S.C. § 1002(2)(b)(i).

<u>**CONCLUSION**</u>

**WHEREFORE**, Defendant respectfully requests that *Ronald Meyer v. Valeant Pharmaceuticals North America, LLC f/k/a Salix Pharmaceuticals, Ltd*, and its designated Case No.: CACE16004183*,* currently pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, be removed to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

Dated:  April 18, 2016

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
Telephone:  813.289.1247
Facsimile:  813.289.6530

s\ Kevin D. Zwetsch
Kevin D. Zwetsch, Bar # 962260
kevin.zwetsch@ogletreedeakins.com

*Attorneys for Defendant VALEANT
PHARMACEUTICALS NORTH
AMERICA, LLC f/k/a SALIX
PHARMACEUTICALS, LTD*

---

[1] Plaintiff's Complaint appears to reference the Salix Retention Plan as being attached as Exhibit "A" (Dkt. 1, ¶ 5).  However, there was no Exhibit A attached to the service copy of the Complaint received by Defendant or the Complaint found in the court file of the State Action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s\ Kevin D. Zwetsch
Kevin D. Zwetsch


## SERVICE LIST

RONALD MEYERS v.
VALEANT PHARMACEUTICALS NORTH AMERICA, LLC F/K/A SALIX
PHARMACEUTICALS, LTD
*UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA*


Scott M. Behren, Esq.
Behren Law Firm
2893 Executive Park Drive, Suite 110
Weston, FL 33331
scott@behrenlaw.com

5