UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  16-CV-60854-RNS

RONALD MEYERS

  Plaintiff,
vs.

VALEANT PHARMACEUTICALS NORTH
AMERICA, LLC f/k/a
SALIX PHARMACEUTICALS, LTD

  Defendant
_____/

## AMENDED COMPLAINT FOR DAMAGES

Ronald Meyers ("Meyers") sues Defendant Valeant Pharmaceuticals North America, LLC f/k/a Salix Pharmaceuticals, Ltd ("Valeant") and alleges as follows:

### Jurisdiction

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 USC Section 1001, et. seq.

2. This Court has jurisdiction pursuant to ERISA Sections 502, 29 USC Section 1132.

### The Parties/Participants

3. Plaintiff, is an individual residing in Broward County, Florida and is *sui juris*.

4. Defendant, Valeant, is a corporation doing business in Broward County, Florida.

### General Allegations *and Claims*

5. On or about February 4, 2014, Meyers and Valeant entered into a Employee Retention Policy., a copy of which is attached hereto as Exhibit A.  Under the terms of this

policy, if there was a "Change in Control" and "Good Reason" by Employee, that Meyers would be paid 12 months of severance or $112,000.00. The policy also provided that Meyers would be entitled to obtain one year of continued medical/dental/eye insurance and one year of pro-rated bonus of approximately $46,000.00.

6. Multiple demands have been made to Valeant who has refused to comply with the policy and Plaintiff has exhausted all administrative remedies.

7. All conditions precedent have been performed, waived or excused.

8. Plaintiff has hired the undersigned law firm and has agreed to pay a reasonable attorneys' fee for its services.

9. The Policy is funded by Defendant and the Defendant is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

10. The Plan's terms do not grant discretionary authority to Defendant or alternatively, the Plan Administrator Defendant did not properly exercise its discretionary authority over the Plaintiff's benefit claims given its conflict of interest.

11. De novo review applies to this action.

12. To the extent that this court determines that de novo review does not apply to this action, since Defendant is both the Plan funder and the decision maker under the Plan, it operates under a conflict of interest.

13. Plaintiff is entitled to benefits herein because:

(A) The benefits are required under the Plan;

(B) Plaintiff has satisfied all conditions precedent to receive the benefits; and

( C) Plaintiff has not waived or otherwise relinquished entitlement to the benefits.

14.     Pursuant to ERISA 502(g), 29 USC Section 1132(g), Plaintiff is entailed to an award of attorney's fees and costs incurred in bringing this action pursuant to ERISA.

WHEREFORE, Plaintiff demands judgment against Valeant for damages in excess of $15,000, together with interest, court costs, attorneys' fees in accordance with ERISA, for a declaration that Plaintiff is entitled to benefits, and for a remand to the Plan Administrator to pay said benefits awarded by this Court, and for any and all other and further relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-mailed this 29 day of April, 2016, to: Kevin D. Zwetsch, Esq., Ogletree Deakins, et. al., 100 North Tampa Street, Suite 3600, Tampa, FL 33602.

Behren Law Firm
2893 Executive Park Drive
Suite 110
Weston, Florida 33331
Telephone (954) 636-3802
Facsimile (772) 252-3365
scott@behrenlaw.com
www.behrenlaw.com

By:_/Scott M. Behren/_____
    Scott M. Behren
    Florida Bar No. 987786